**In the United States District Court for the Eastern District of Virginia**
**Alexandria Division**

| | | |
|---|---|---|
| **United States of America** | ) | |
| | ) | |
| v. | ) | Case No. 1:97cr314 |
| | ) | Hon. Anthony J. Trenga |
| **Shaheem Johnson,** | ) | |
| | ) | |
| | ) | |

**Response to Court's Order**

Mr. Johnson, through counsel, respectfully proffers the following information in response to the Court's Order on September 18, 2023. ECF No. 731.

The Court granted Mr. Johnson's Motion for Compassionate Release on August 8, 2023. ECF No. 721. Given the lag between requesting a legal call with Mr. Johnson at FCI Hazelton and the occurrence of the legal call, counsel communicated the fact of the Court's Order and reduction to Mr. Johnson in an email through the CorrLinks email system. The email system does not allow for attachments, so Counsel could not include a PDF of the Order – only the fact of the reduction.

Counsel was subsequently out of the office on leave from August 12-27 and out of the country for some of that time. Counsel returned to the office on August 28, 2023. Counsel was not regularly checking the Corrlinks website to receive emails while on leave. Moreover, Corrlinks is a fairly rudimentary system, and to counsel's knowledge, it is not possible to use an "out of office" message informing senders that the recipient is unavailable and directing them to email another party.

Upon returning to the office on August 28, counsel saw that Mr. Johnson had tried to communicate with counsel during the period from August 14-24, 2023, including submitting the briefing, which – had counsel received and filed it – would have been timely. Mr. Johnson's *pro se* Motion for Reconsideration was docketed on the day counsel returned to the office, on August 28. As a result of counsel's leave, Mr. Johnson filed his motion without any assistance from counsel, including no assistance calculating the timing for his reconsideration motion. Counsel anticipates that

given Mr. Johsnson's e-mailed filing on August 14, much of Mr. Johnson's delay was likely waiting for a response or input from counsel on his motion for reconsideration.

While counsel believes that the above circumstances would certainly meet the standard for "good cause" and courts are disinclined to prejudice a defendant for the unavailability of counsel, undersigned counsel has been unable to identify a good cause exception in Rule 35(a) case law. Consequently, counsel is in communication with Mr. Johnson and exploring alternative grounds for relief.

Dated:  September 21, 2023              By:      _____/s/_____

                                                      Nathaniel Wenstrup
Assistant Federal Public Defender
Virginia State Bar No. 96324
1650 King Street, Suite 500
Alexandria, VA 22314
Nate_Wenstrup@fd.org
(703) 600-0825 – direct
(703) 800-0880 – fax